Hearing Date: 9/9/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
Cook County, IL

FILED
5/12/2021 10:09 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02316

FILED DATE: 5/12/2021 10:09 AM 2021CH02316



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **GUYIATH CILO,**<br>individually and on behalf of all others<br>similarly situated,<br><br>        *Plaintiff,*<br>v.<br><br>**NATIONAL CREDIT SYSTEMS, INC.**<br><br><br>        *Defendant.* | Case No. 2021CH02316<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Guyiath Cilo, individually and on behalf of all other similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"), for a finding that Defendant National Credit Systems, Inc.'s actions violated the FDCPA and the ICAA, and to recover damages for Defendant's violations thereof, and alleges:

## NATURE OF THE CASE

1. The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

3. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4. To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

7. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

8. The ICAA reflects a determination by the state legislature that, "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is



FILED DATE: 5/12/2021 10:03 AM 2021CH02316

further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

9. A private right of action exists for violations of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

### JURISDICTION AND VENUE

10. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

11. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant does business in this County and has a registered agent located in this County. 735 ILCS 5/2-102(a).

12. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

### PARTIES

13. Plaintiff Guyiath Cilo was a resident and citizen of the State of Illinois during all times relevant to this complaint.

14. Defendant National Credit Systems, Inc. ("NCS") is a Georgia based corporation

with its principal place of business located in Atlanta, Georgia.

15. Defendant acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

16. Defendant also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant holds an active Collection Agency License from the Illinois Department of Financial and Professional Responsibility.

## FACTUAL ALLEGATIONS

18. According to Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt") for an apartment rental.

19. The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

20. Defendant NCS alleged that Plaintiff failed to make full payment and the debt entered default and was charged off.

21. Defendant NCS was subsequently hired or retained to attempt to collect the alleged debt from Plaintiff.

22. NCS began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about February 11, 2021. (Exhibit A, Collection Letter).

23. The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

4

24. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

25. The letter states in relevant part

```
                    *** Detach Upper Portion And Return With Payment ***           February 11, 2021
Client: TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES / 170268
Client Account Number: ████
NCS Account Number: ████
Balance: $254.69
Resolution Offer: $127.35         ***50% DEBT DISCOUNT OFFER***
```

26. There is no such legal entity by the name of "TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES/170268".

27. This does nothing to indicate who the alleged "Current Creditor" is as this is not a legal entity that can be owed a debt. This did not provide Plaintiff with the necessary information to determine exactly which legal entity owed the debt when the letter was sent.

28. 15 U.S.C. § 1692g of the FDCPA states in relevant part:

**(a) Notice of debt;**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5

(5) **a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

29. Defendant violated 15 U.S.C. §1692g(a)(2) by failing to clearly state the creditor to whom the debt is owed.

30. The letter does not provide the legal entity to whom the alleged debt was owed, and this information does not provide Plaintiff with the information necessary to determine the validity of the alleged debt.

31. Plaintiff was confused who the "Current Creditor" of the alleged debt was, since the letter does not provide this information.

32. 15 U.S.C. § 1692f of the FDCPA provides in relevant part:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

33. Defendant violated § 1692f by sending Plaintiff a collection letter that falsely named the alleged creditor to who the debt was owed.

34. 15 U.S.C. § 1692e of the FDCPA provides in relevant part:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or**

6

> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt...
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

35. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by failing to state who the alleged debt was owed to.

36. Plaintiff later disputed the alleged debt as he had never actually moved into the unit; rather, he had applied for a rental and was approved but decided not to rent.

37. Plaintiff was under no obligation to rent the unit, since he did not move into it.

38. Plaintiff did not owe the alleged $254.69 NCS sought to collect.

39. 15 U.S.C. § 1692f provides:

> **Unfair Practices**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ... (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....

40. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect an amount that was not owed when it communicated to Plaintiff that he owed a debt that he did not owe.

41. 15 U.S.C. § 1692e of the FDCPA provides in relevant part:

> **False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

> Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
>     (C) the character, amount, or legal status of any debt; or
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

42. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA when it falsely represented that it had a legal right to the alleged debt, as it was not owed.

43. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) by misrepresenting the amount of the debt to Plaintiff.

44. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT- ON BEHALF OF A CLASS**

45. Plaintiff re-alleges the preceding paragraphs as is set forth fully in this Count.

46. Defendant violated 15 U.S.C. §1692g(a)(2) by failing to clearly state the creditor to whom the debt is owed.

47. Defendant violated § 1692f by sending a collection letter that falsely named the alleged creditor to who the debt was owed.

48. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by failing to state who the alleged debt was owed to.

8



## COUNT II
## ILLINOIS COLLECTION AGENCY ACT- ON BEHALF OF A CLASS

49. Plaintiff re-alleges the above paragraphs as if set forth fully in this Count.

50. Defendant NCS failed to provide the name of the creditor to whom the alleged debt was owed, in violation of 225 ILCS 425/9(a)(29) of the Illinois Collection Agency Act.

## COUNT III
## FAIR DEBT COLLECTION PRACTICES ACT- ON BEHALF OF THE PLAINTIFF INDIVIDUALLY

51. Plaintiff re-alleges the above paragraphs as if set forth fully in this Count.

52. Plaintiff brings this claim Individually.

53. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) of the FDCPA when it falsely represented that it had a legal right to the alleged debt, as it was not owed.

54. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2) and 1692e(10) by misrepresenting the amount of the debt to Plaintiff.

55. Defendant violated 15 U.S.C. §§ 1692f and 1692f(1) by attempting to collect an amount that was not owed when it communicated to Plaintiff that he owed a debt that he did not owe.

## COUNT IV
## ILLINOIS COLLECTION AGENCY ACT- ON BEHALF OF THE PLAINTIFF INDIVIDUALLY

56. Plaintiff re-alleges the above paragraphs as if set forth fully in this Count.

57. Plaintiff brings this claim Individually.

58. Defendants attempted to collect a debt that Plaintiff did not owe, in violation of 225 ILCS 425/9(a)(24), 225 ILCS 425/9(a)(33) and 225 ILCS 425/9(a)(35) of the Illinois Collection Agency Act.



* 5 0 0 7 8 0 0 4 *

59. Plaintiff was damaged by Defendant's illegal actions given the stress, embarrassment, anxiety, and emotional distress he suffered due to Defendant's attempts to collect money that was not owed. Being referred to a collection agency is not something to be taken lightly as it can impact a consumer's overall credit worthiness and ability to obtain a loan at a favorable rate.

## CLASS ALLEGATIONS

60. Plaintiff brings this claim on behalf of a class. The class consists of: (a) all individuals with Illinois addresses; (b) who were sent a collection letter, by or on behalf of National Credit Systems, Inc. in the form represented by Exhibit A to Plaintiff's Class Action Complaint; (c) to collect a consumer debt; (d) that was sent on or after a date one year prior to the filing of this action under the FDCPA and five years prior to the filing of this action under the ICAA; and (e) that was not returned as undeliverable by the postal service.

61. Plaintiff may alter the class definition to conform to developments in the case and discovery.

62. The proposed class meets all requirements under 735 ILCS 5/2-801.

63. **Numerosity:** Upon information and belief, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of class members is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form letter. Class members can be easily identified through Defendant's records or by other means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.



FILED DATE: 5/12/2021 10:09 AM 2021CH02316

64. **Commonality and Predominance:** This action involves common questions of law and fact, which predominate over any questions affecting individual class members, including, without limitation: (a) whether the Defendant failed to provide the name of the creditor to whom the debt was owed; and (b) whether such communications violate the FDCPA and ICAA.

65. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the class members he seeks to represent and he intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel and Plaintiff's claim is typical of the claims of the class members.

66. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for class members to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**REQUEST FOR RELIEF**



WHEREFORE, Plaintiff asks for an award in his favor and against Defendant as follows:

    A.    Certification of the proposed class;

    B.    Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

    C.    Actual damages pursuant to 15 U.S.C. § 1692(a)(1);

    D.    Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

    E.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3);

    F.    Compensatory damages, punitive damages and attorney's fees and costs of this action as allowed under the Illinois Collection Agency Act; and

    G.    Such other or further relief as the court deems proper.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
Cook County Firm No. 62709
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com



## DOCUMENT PRESERVATION DEMAND

      Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
(Cook County Firm No. 62709)
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C. (Cook County Firm No. 59596)
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel: (312) 219-6980
Fax: (312) 219-6981
Stacy@bardolawpc.com

Return Date: No return date scheduled
Hearing Date: 9/9/2021 10:00 AM - 10:00 AM
Courtroom Number: 2601
Location: District 1 Court
    Cook County, IL

FILED DATE: 5/12/2021 10:09 AM   2021CH02316

* 5 0 0 7 8 0 0 4 *
FILED
5/12/2021 10:09 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02316

13293335

# EXHIBIT A

DEPT 855   5403255621020
PO BOX 4115
CONCORD CA 94524

**National Credit Systems, Inc**
P.O. Box 312125 Atlanta, GA 31131-2125
Phone: (404) 629-2728  Toll Free: (800) 459-1539

ADDRESS SERVICE REQUESTED

Client Account Number:
NCS Account Number:

GUYIATH CILO

GLENVIEW IL 60025-4866

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 312125
ATLANTA GA 31131-2125

FILED DATE: 5/12/2021 10:09 AM   2021CH02316

*** Detach Upper Portion And Return With Payment ***

February 11, 2021

Client: TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES / 170268
Client Account Number:
NCS Account Number:
Balance: $254.69
Resolution Offer: $127.35         ***50% DEBT DISCOUNT OFFER***

We are authorized to extend an offer to you to resolve the above-referenced debt for 50% of the current balance. To accept this offer, remit payment to National Credit Systems, Inc. by 03/31/2021. We are not obligated to renew this offer.

If you are interested in this offer, but cannot remit payment by 03/31/2021, please contact one of our representatives to discuss whether the payment deadline can be extended to accommodate your individual circumstances.

Once your debt is resolved, National Credit Systems, Inc. will notify any consumer reporting agency to which it furnished information concerning the above-referenced account that the debt has been settled in full. We encourage you to take advantage of this offer and resolve this debt once and for all.

Sincerely,

NATASHA SMOTHERS
Collection Representative
Direct Line: 404-419-1466  800-979-4395

Use QR code to gain immediate access for payment.
www.nationalcreditsystems.com

Please direct all correspondence to:
NATIONAL CREDIT SYSTEMS, INC., PO Box 312125, Atlanta, GA 31131-2125

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

ATL6-0210-1492167557-03687-3687