**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GUYIATH CILO,** individually and on behalf of all others similarly situated, | ) | |
| *Plaintiff*, | ) | Case No. 1:21-cv-3246 |
| v. | ) | |
| **NATIONAL CREDIT SYSTEMS, INC.** | ) | Hon. Jorge L. Alonso |
| *Defendant*. | ) | |

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND FOR FEES AND COSTS**

Plaintiff Guyiath Cilo, through counsel, respectfully requests that this Court enter an Order remanding this matter to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c).

## I. INTRODUCTION

Plaintiff filed this putative class action against Defendant National Credit Systems, Inc. ("NCS") for statutory violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq*. ("ICAA"). Plaintiff filed this action in the Circuit Court of Cook County, Illinois, on May 12, 2021, and Defendant removed this action on June 17, 2021, alleging federal question jurisdiction. (Dkt. No. 1). Defendant filed its original Answer and Affirmative Defenses on June 24, 2021. (Dkt. No. 9). One of Defendant's affirmative defenses states that "Defendant reserves the right to substantively challenge standing based on a lack of actual damages." (Dkt. No. 9, Second Affirmative Defense).

This matter is not properly before this court as Defendant has not met its burden of showing that jurisdiction is proper. Its removal petition still puts the burden on Defendant to establish all elements of jurisdiction, including Article III standing and a showing that Plaintiff "suffered an injury beyond a statutory violation." *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). In light of the binding Seventh Circuit caselaw[1] indicating this particular FDCPA case does not belong in federal court, this matter should be remanded to the Circuit Court of Cook County, and Plaintiff should recover attorney's fees and costs from Defendant.

## II. FACTS

Defendant NCS attempted to collect an alleged debt from Plaintiff through a form collection letter, sent to Mr. Cilo on or about February 11, 2021. The Collection Letter claimed the alleged debt was owed to "TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES/170268" even though there is no legal entity by that name. Therefore, its claim that such entity is the current creditor must be false and demonstrates that NCS also violated the statute's requirement that the consumer be informed as to whom money is allegedly owed.

Plaintiff's allegations implicate multiple violations of the FDCPA and ICAA based on Defendant's false statements. Plaintiff does not, however, allege that he took specific action to his detriment that cost him money or otherwise caused him specific out-of-pocket damages due to Defendant's false claims. Because Plaintiff alleges an informational injury, that he was confused, and requests a statutory damages finding based on Defendant's failure to comply with a statutory requirement, the Seventh Circuit has already decided his claims belong in state court,

---

[1] While Plaintiff may disagree with these holdings, he is constrained by the law of this Circuit and believes it is not prudent to litigate claims in a forum that may survive a motion to dismiss but, upon summary judgment, will end up being dismissed for lack of Article III standing, such dismissal likely to be without prejudice, then giving him the same opportunity to re-file in state court but after many months of this Court's involvement and use of resources.

which court is not bound by the constraints of Article III. "[M]ere confusion by a letter that violates the FDCPA, even one alleged to be deceptive, is insufficient to establish an injury in fact for Article III standing purposes." *Zhu v. National Credit Systems, Inc.*, No. 20-cv-4352 (Kendall, J.) (Dkt. No. 25), *citing* *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899-900 (7th Cir. 2020); *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274, 280-81 (7th Cir. 2020).

In fact, NCS has been sued for this very violation before – in the *Zhu* case cited above – and Judge Kendall ruled the claims belonged in state court under an Article III standing analysis.

## III. LEGAL STANDARDS

Under Article III of the U.S. Constitution, federal jurisdiction is limited to actual cases or controversies. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To ensure the case-or-controversy limitation is respected, the U.S. Supreme Court has defined an "irreducible constitutional minimum standing" that litigants seeking to avail themselves of the federal courts must meet. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). To meet those "irreducible" requirements, "a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1547).

The removal statutes also provide that a district court may award a plaintiff costs and fees on remand: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A court may award costs and fees upon remand under "unusual circumstances" or if the defendant

does not have "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation. However, bad faith is not required because fee-shifting "is not a sanction." *Janis v. Workhouse Custom Chassis, LLC*, 891 F. Supp. 2d 970 (N.D. Ill. 2012) (citing *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409-10 (7th Cir. 2000). "Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." *Janis*, 891 F. Supp. 2d at 976.

## IV. LEGAL DISCUSSION

### A. It Is Defendant's Burden To Establish That Removal Is Proper

When a case is removed from state court to federal court, "'the party seeking removal' must establish federal jurisdiction." *Collier*, 889 F.3d at 896 (quoting *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017). A defendant who wishes to remove a case is required "to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal." *Collier*, 889 F.3d at 896.

Removal is narrowly construed, and "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The defendant bears the burden of showing that the case satisfies Article III, and a plaintiff who has filed an action in state court is entitled to a remand order ***unless*** the defendant establishes subject matter jurisdiction. *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017) ("The

difference between the two parties is that a Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court.")

**B. Defendant Has Not Established That Removal Is Proper**

In light of the above standard, Plaintiff seeks a remand order because Defendant has not met its burden. First, after filing for removal, Defendant filed an affirmative defense stating that it was reserving the right to attack Plaintiff's Article III standing after going through the time and expense of discovery. (Dkt. No. 9, Second Affirmative Defense).

Second, Article III standing is a jurisdictional issue that this court has an independent duty to review. Despite Defendant's removal, NCS has not shown *why* Plaintiff has Article III standing to have his claim heard in federal court. NCS has not attempted to distinguish or address Judge Kendall's ruling in *Zhu* and the Seventh Circuit cases cited therein. Additionally, while its answer claims that Plaintiff's complaint sets forth sufficient allegations to facially satisfy standing on the pleadings, it does not elaborate which allegations or provide a basis for this Court to ignore the recent Seventh Circuit decisions dismissing FDCPA cases for lack of Article III standing. While Plaintiff certainly has articulated the reasons why Defendant violated the FDCPA and ICAA and how he was the recipient of the false and deceptive information, this is no longer enough. As the Seventh Circuit recently stated:

> Rather, to fulfil the injury in fact requirement, the violation must have "harmed or presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." *Casillas*, 926 F.3d at 333 (quoting *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017)); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016)

*Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021)

This is also only the most recent in an avalanche of Seventh Circuit cases finding that a Plaintiff has no Article III standing when they do not show they took specific action to their detriment as a direct result of the Defendant's violations of the FDCPA.[2] While Plaintiff has alleged that Defendant made false, deceptive and inaccurate statements and acted in an unfair manner to him and members of the putative class, he has not alleged that he paid money as a result of Defendant's deceptive communications or otherwise took direct, concrete action to his detriment as a result of Defendant's violations of the FDCPA. Defendant has not provided evidence to counter this and thus, fails to prove that Plaintiff has Article III standing.

Remand is also the proper action because Plaintiff has standing to proceed on his claims in Illinois state court. The FDCPA states that "[a]n action to enforce any liability…may be brought in any appropriate United States district court without regard to the amount in controversy, *or in any other court of competent jurisdiction.*" 15 U.S.C. § 1692k(d) (emphasis added). Unlike in federal court, standing is an affirmative defense in Illinois state court. And in evaluating whether to remand, a plaintiff's forum is presumed valid, "and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. v. Abbott Laboratories, Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018); see also *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court.")

---

2 *See* *Casillas v. Madison Avenue Associates*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Finance System of Green Bay*, 982 F.3d 1060 (7th Cir. 2020); *Spuhler v. State Collection Service*, 983 F.3d 282 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899-900 (7th Cir. 2020); *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274, 280-81 (7th Cir. 2020); *Smith v. GC Services Ltd. partnership*, 986 F.3d 708 (7th Cir. 2021); *Pennell v. Global Trust Management LLC*, 990 F.3d 1041 (7th Cir. 2021).

As Defendant has provided no reasonable basis to assert that the Article III jurisdictional requirements have been satisfied, and in fact, raises the issue that standing may not exist as the parties complete discovery, this matter should be remanded to Plaintiff's chosen and appropriate forum.

### C. Defendant Should Be Required To Pay Plaintiff's Costs And Fees Incurred In Connection With The Improper Removal Of This Action

The removal statute provides for an award of fees and expenses on remand. *See* 28 U.S.C. § 1447(c). Whether to award of fees is within the sound discretion of the district court but a finding of bad faith is not required when removal was objectively unreasonable (as it is here, given the above-cited FDCPA-specific Seventh Circuit caselaw and the *Zhu* case involving NCS). *Janis*, 891 F. Supp. 2d at 976. Plaintiff is not required to show that its request for fees and costs is a specific sanction, tied to Defendant's ill intent or a showing of an intent to harass or delay the litigation.

However, Defendant had no proper basis to remove in the first place, especially when it is making clear that it is likely to challenge standing, but only after expending significant time and resources in discovery.

Simply put, there was no objectively reasonable reason for removal since the Seventh Circuit caselaw is clear – under the facts plead by Plaintiff, he has not alleged sufficient injury for Article III standing. Additionally, Defendant's conspicuous refusal in its removal papers to address the significant recent Seventh Circuit caselaw significantly restricting Article III standing absent actual, out-of-pocket damages shows that it either removed this case without any understanding of current caselaw, or in a cynical attempt to cause additional costs and delay. As a result, Plaintiff should be awarded attorney's fees and costs caused by Defendant's baseless removal.

## V. CONCLUSION

Defendant removed this action from the Circuit Court of Cook County, Illinois, without an objectively reasonable basis to do so. There is nothing in Plaintiff's complaint by which Defendant can establish Article III standing in light of recent Seventh Circuit precedent. Defendant's removal has wasted the time and resources of both Plaintiff's counsel and this Honorable Court. As a result, this matter should be remanded to the Circuit Court of Cook County, Illinois, and Defendant should be ordered to pay Plaintiff's reasonable attorney's fees and costs incurred in drafting this motion and in seeking remand.

Respectfully submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel. 312-219-6980
Fax. 312-219-6981
stacy@bardolawpc.com

## **CERTIFICATE OF SERVICE**

I, Bryan Paul Thompson, an attorney, hereby certify that on Friday, June 25, 2021, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF electronic filing system, which sent notice via email to all counsel of record in the above captioned case.

Respectfully Submitted,

By: *Bryan Paul Thompson*