IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUYIATH CILO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-03246 |
| | ) |
| | ) Hon. Jorge J. Alonso |
| NATIONAL CREDIT SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO
REMAND TO STATE COURT AND FOR FEES AND COSTS**

COMES NOW Defendant National Credit Systems, Inc., ("Defendant" or "NCS") by and through its counsel of record, and files its Response to Plaintiff's Motion to Remand to State Court and for Fees and Costs as follows:

**I.**

**PLAINTIFF HAS SUFFICIENTLY ALLEGED
A CONCRETE INJURY FOR STANDING**

1. Plaintiff alleges that NCS attempted to collect a debt from Plaintiff by sending a collection letter, which listed the "Client" as "TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES/170268." Doc. 1-1 at ¶¶ 22, 25. Plaintiff alleges that "TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES/170268" is not the "Current Creditor" and that NCS, therefore, violated sections 1692g(a)(2), 1692f, and 1692e(2)(A) and (10) of the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq*.). *Id*. at ¶¶ 26–35. In his Motion to Remand, Plaintiff states that his "allegations implicate multiple violations of the FDCPA and ICAA based on Defendant's false statements." Plaintiff does not, however, allege that he took

1

specific action to his detriment that cost him money or otherwise caused him specific out-of-pocket damages due to Defendant's false claims." Doc. 12 at 2.

2.  But Plaintiff has alleged a concrete injury resulting from NCS's alleged violation of sections 1692g(a)(2), 1692f, and 1692e(2)(A) and (10) of the Fair Debt Collection Practices Act. He alleges that he "was confused who the 'Current Creditor' of the alleged debt was, since the letter does not provide this information." *See* Doc. 1 at ¶ 31. Although the Seventh Circuit has stated that confusion is not an injury, that was in a case where the Plaintiff complained of confusion caused by the violation of Section 1692e(5) & (10) of the FDCPA. *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1037–68 (7th Cir. 2020). Here, Plaintiff alleges confusion caused by the alleged violation of section 1692g(a)(2) from NCS failing to inform Plaintiff the identity of the current creditor on the debt. "A debt collector's failure to identify the current creditor could create a concrete risk of Article III harm, because a debtor who is confused about the identity of the creditor might be misled into making payments to the wrong entity." *Zuniga v. Asset Recovery Solutions*, No. 17-cv-05119; 2018 U.S. Dist. LEXIS 51063, at *4–5 (N.D. Ill. March 28, 2018) (citing *Janetos v. Fulton, Friedman, & Gullace*, 825 F.3d 317, 324–25 (7th Cir. 2016); *see also*:

- *Marlene Sparrow Oloko v. Receivable Recovery Services, LLC*, No. 17-CV-7626, 2019 U.S. Dist. LEXIS 140164, at *6–7 (N.D. Ill. Aug. 19, 2019) (finding injury in fact post-*Casillas* because the letter in question created confusion, presenting an appreciable risk of imminent harm to the interest Congress sought to protect: receiving accurate information about one's debt);

- *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678, at *9 (E.D. Wis. June 12, 2017) ("Although her alleged injury may not have resulted in tangible economic or physical harm, the informational injury Pogorzelski alleges is more than a mere procedural violation. A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against. Pogorzelski has adequately alleged she

received information that is materially misleading to an unsophisticated consumer. This satisfies the concrete injury in fact requirement of Article III."); and

- *Wheeler v. Midland Funding LLC*, No. 15 C 11152, 2020 U.S. Dist. LEXIS 52409 at *12 (N.D. Ill March 26, 2020) ("That Wheeler did not act on MCM's communications or that he did not intend to is irrelevant to standing in this context—it is enough that the Defendants were obligated not to mislead Wheeler and that their actions presented a risk of so doing. Wheeler has shown 'that the violation harmed or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect by enacting the statute.'").[1]

3. Plaintiff's Complaint contains other allegations of concrete injury by claiming that Plaintiff was "damaged" by NCS's alleged actions, "given the stress, embarrassment, anxiety, and emotional distress he suffered due to Defendant's attempts to collect money that was not owed." Doc. 1-1, Complaint at ¶ 59. He alleges that "Being referred to a collection agency is not something to be taken lightly as it can impact a consumer's overall credit worthiness and ability to obtain a loan at a favorable rate." *Id*. Plaintiff's allegations of injury and harm distinguish him from the plaintiff in *Larkin*, because that plaintiff did not allege there was any harm, appreciative

---

[1] *See also Aguirre v. Absolute Resolutions Corp.*, No. 15 C 11111, 2017 U.S. Dist. LEXIS 159107, at *8 (N.D. Ill. 2017); *Lane v. Bayview Loan Servicing, LLC*, No. 15-C-10446, 2016 U.S. Dist. LEXIS 89258, at *14 (N.D. Ill. July 11, 2016) (Chang, J.); *Quinn v. Specialized Loan Servicing*, No. 16-C-2021, 2016 U.S. Dist. LEXIS 107299, at *11–12 (N.D. Ill. Aug. 11, 2016) (Bucklo, J.); *Bernal v. NRA Group, LLC*, 318 F.R.D. 64, 74 (N.D. Ill. 2016) (Feinerman, J.); *Saenz v. Buckeye Check Cashing of Ill.*, No. 16-C-6052, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sept. 20, 2016) (Shah, J.); *Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-C-1467, 2016 U.S. Dist. LEXIS 139743, at *11–12 (C.D. Ill. Oct. 7, 2016) (Shadid, C.J.); *Everett v. Fin. Recovery Servs., Inc.*, No. 16-C-1806-JMS-MPB, 2016 U.S. Dist. LEXIS 163233, at *11 (S.D. Ind. Nov. 28, 2016) (Magnus-Stinson, C.J.); *George v. Wright, Lerch & Litow, LLP*, No. 15-C-811-JMS-DML, 2016 U.S. Dist. LEXIS 164096, at *6 (S.D. Ind. Nov. 29, 2016) (Magnus-Stinson, C.J.); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) (McKinney, J.); *Dunham v. Robert Crane & Assocs., LLC*, No. 16-C-2100-SEB-MPB, 2017 U.S. Dist. LEXIS 59431, at *11 (S.D. Ind. Apr. 19, 2017) (Brookman, J.); *Pierre v. Midland Credit Mgmt., Inc.*, No. 16-C-2895, 2017 U.S. Dist. LEXIS 61107, at *13–14 (N.D. Ill. Apr. 21, 2017) (Leinenweber, J.); *Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739–40 (N.D. Ill. May 1, 2017) (Feinerman, J.); *Stockman v. Credit Prot. Ass'n, LP*, No. 16-C-8059, 2017 U.S. Dist. LEXIS 99902, at *5–6 (N.D. Ill. June 28, 2017) (Der-Yeghiayan, J.); *Gonzales v. Credit Prot. Ass'n, LP*, No. 16-C-8683, 2017 U.S. Dist. LEXIS 99905, at *5–6 (N.D. Ill. June 28, 2017) (Der-Yeghiayan, J.); *Hernandez v. Midland Credit Mgmt., Inc.*, No. 15-CV-11179, 2017 U.S. Dist. LEXIS 108512, at *4 (N.D. Ill. July 13, 2017) (Gottschall, J.).

risk of harm, or even confusion. *Larkin v. Fin. Sys. of Green Bay*, 982 F.3d 1060, 1066 (7th Cir. 2020).

4.  When addressing standing, the district court "must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter." *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016). Plaintiff alleges that:

- "There is no such legal entity by the name of 'TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES/170268'" Doc. 1-1 at ¶ 27;

- Listing TAPESTRY GLENVIEW APTS/REGIONAL BILLING SERVICES/170268 as the current creditor in the collection letter did "nothing to indicate who the alleged 'Current Creditor' is as this is not a legal entity that can be owed a debt." *Id*.;

- "This did not provide Plaintiff with the necessary information to determine exactly which legal entity owed the debt when the letter was sent." *Id*.; and

- "The letter does not provide the legal entity to whom the alleged debt was owed, and this information does not provide Plaintiff with the information necessary to determine the validity of the alleged debt." *Id*. at ¶ 30;

- NCS sent "Plaintiff a collection letter that falsely named the alleged creditor to who the debt was owed." *Id*. ¶ 33; and

- "Plaintiff did not owe the alleged debt $254.69 NCS sought to collect." *Id*. at ¶ 38.

5.  Assuming, for the purposes of standing, that the above allegations are true, and that Plaintiff did not owe the debt to the named "Client" as the current creditor identified in the collection letter, then Plaintiff only had two choices—pay the debt, or not. If he paid the debt, then he would have suffered a concrete injury by paying a debt that he did not owe. If he refused to pay the debt, then he would be harmed by NCS's efforts to collect the debt, as Plaintiff alleged that he, "was damaged by Defendant's illegal actions given the stress, embarrassment, anxiety, and emotional distress he suffered due to Defendant's attempts to collect money that was not owed.

4

Being referred to a collection agency is not something to be taken lightly as it can impact a consumer's overall credit worthiness and ability to obtain a loan at a favorable rate." *Id*. at ¶ 59. Therefore, if Plaintiff's allegations are assumed to be true, he would suffer a concrete injury regardless of whether he took action in response NCS's alleged conduct or if he refrained from taking action.

6. Moreover, an FDCPA plaintiff's pleading can demonstrate standing by pleading that the violation harmed or "presented an 'appreciable risk of harm' to the underlying concrete interest that Congress sought to protect." *See Casillas v. Madison Ave. Assocs.*, 926 F.3d 329, 333 (7th Cir. 2019). Although the risk of harm likely requires more to demonstrate Article III standing, a plaintiff who alleges that he was "harmed by the exposure to the risk itself—that is, that he suffered some other injury (such as an emotional injury) from the risk" may have standing. *See TransUnion LLC v. Ramirez*, No. 20-297, 2021 U.S. LEXIS 3401, at *33–34 (2021). That is precisely what Plaintiff has alleged. Doc. 1-1 at ¶ 59 ("Plaintiff was damaged by Defendant's illegal actions given the stress, embarrassment, anxiety, and emotional distress he suffered due to Defendant's attempts to collect money that was not owed. Being referred to a collection agency is not something to be taken lightly as it can impact a consumer's overall credit worthiness and ability to obtain a loan at a favorable rate.")

7. Plaintiff has made allegations sufficient for the Court to infer a concrete injury for standing. In reviewing a facial challenge to standing, the district court "must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter." *Lewert*, 819 F.3d at 966. Plaintiff's Motion to Remand did not claim that he has, factually, suffered no injury. If he disagrees, then perhaps a stipulation from Plaintiff that he, in fact, has no injury would easily resolve the issue.

Otherwise, Plaintiff's Complaint, drawing all reasonable inferences in favor of Plaintiff's standing, satisfies the requirements to a facial challenge. Based on Plaintiff's allegations, this Court can infer an injury, for example:

> Telling a consumer the wrong creditor's name would readily impact the consumer's response to the notice. For example, if Ferris had wanted to contact the creditor to be sure that Convergent was authorized to collect on its behalf, then he would not have been able to do so here. *See Janetos*, 825 F.3d at 324–25 (discussing this possibility). Or Ferris could simply have been confused about what debt Convergent was purporting to collect, and he might have delayed paying the bill to figure it out (or just not paid at all), leading to late fees or other expenses. Convergent's mistake would almost certainly "mislead the unsophisticated consumer," and might very well influence whether that consumer would pay the debt or not.

*Ferris v. Convergent Outsourcing, Inc.*, No. 16 C 03703, 2019 U.S. Dist. LEXIS 52237, at *16 (N.D. Ill. 2019).

8. In *Bazile*, the plaintiff had not explicitly plead an injury beyond the FDCPA violation, but the Seventh Circuit Court of Appeals found that "her allegations may also support an inference" that the lack of required information in the dunning letter altered her choice about how to respond to and repay her debts. *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 280 (7th Cir. 2020). The Court further inferred that it would be reasonable to expect discovery to reveal how the omitted information was detrimental to her substantive interests. *Id*. (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (A complaint "does not need detailed factual allegations" but rather "enough fact to raise a reasonable expectation that discovery will reveal evidence of [a necessary element].")). The Court made the inferences while also noting that, "[t]rue, her complaint didn't detail such an injury. But '[c]omplaints need not be elaborate.'" *Id*. at 281 (quoting *S. Austin Coal. Cmty. Council v. SBC Commc'ns Inc.*, 274 F.3d 1168, 1171 (7th Cir. 2001)). "What matters is whether the allegations support a plausible inference

that Bazile suffered a concrete detriment to her debt-management choices. And given the circumstances alleged, the details about how Bazile would have acted differently would have to be resolved later." *Id*. The Court held that the plaintiff's complaint "may have sufficiently alleged a concrete injury." *Id*. The Court remanded the matter back to the district court for an evidentiary hearing on standing because the defendant had made a factual challenge to standing. *Id*. The issue of Plaintiff's standing here is only a facial challenge.

9. Although the Seventh Circuit has issued several recent opinions further tightening the requirements for a plaintiff's standing under the FDCPA, Justice Ripple has voiced his concern over those decisions, as follows:

> The result of our flurry of recent decisions is that, at least in this circuit, a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another. In other words, we now view the receipt of an inflated payment demand as simply "receipt of a noncompliant collection letter." This is a long way from an incorrect zip code on a credit report. We are now traveling far out in front of our *Spokeo*-provided headlights and directly frustrating the congressional determination as to when and how commerce must be regulated.

*Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021) (Ripple, J., concurring) (internal citations omitted). Justice Rovner, in her concurring opinion, expanded on this by stating the following:

> I share some of the concerns expressed in Judge Ripple's concurrence in this case and the dissenting opinion in Casillas, and favor the approach taken in cases such as *Spokeo* II. Where the failure to comply with a substantive provision of the FDCPA is among the concrete harms that Congress enacted the statute to remedy, an allegation of the statutory violation alone should adequately allege a risk of harm absent some reason to believe that the plaintiff was not in fact subject to the risk that the violation entails.

7

9. As Plaintiff has alleged an informational injury stemming from NCS' alleged failure to provide her with FDCPA-mandated information required by section 1692g(a)(2)—"the name of the creditor to whom the debt is owed"—Plaintiff has sufficiently alleged an injury for Article III standing and this Court's exercise of jurisdiction over this case.

## II.

### NCS'S REMOVAL WAS NOT IMPROPER, AND PLAINTIFF SHOULD NOT BE AWARDED COSTS OR FEES

10. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied. *Id*. The above allegations and authority demonstrate that NCS's removal does not lack an objectively reasonable basis and was not sought to delay litigation. When deciding whether fee-shifting is appropriate, courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals to delay litigation. *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. 2011).

11. Moreover, a plaintiff's failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. *Martin*, 546 U.S. at 141. Here, Plaintiff has gone to significant lengths to allege that NCS violated a federal statute and that he suffered damage from that violation but also point out that he has (purposely) attempted to avoid alleging standing. As Plaintiff states in his Motion to Remand:

> Plaintiff's allegations implicate multiple violations of the FDCPA and ICAA based on Defendant's false statements. Plaintiff does not, however, allege that he took specific action to his detriment that cost him money or otherwise caused him specific out-of-pocket damages due to Defendant's false claims. Because Plaintiff alleges an informational injury, that he was confused, and requests a statutory damages finding based on Defendant's

> failure to comply with a statutory requirement, the Seventh Circuit has
> already decided his claims belong in state court, which court is not bound
> by the constraints of Article III.

Doc. 12 at 2–3. Plaintiff's Complaint intentionally fails to disclose facts necessary to determine jurisdiction. Plaintiff's Complaint is silent on whether Plaintiff took "specific action to his detriment that cost him money or otherwise caused him specific out-of-pocket damages due to Defendant's false claims." Then in the Motion to Remand, he states only that he "does not, however, *allege* that he took" such action to his detriment. *Id*. at 2 (emphasis added). If Plaintiff had specifically plead that he did not suffer any injuries and that he did not take any such action to his detriment, then he could have avoided the removal procedure on which he complains. Instead, he chose to allege the violation of a federal statute, invoke a federal question, and then purposefully avoid alleging whether he suffered a concrete injury. Therefore, Plaintiff should not be awarded costs and fees, due to his own contribution to any delays caused by this removal.

WHEREFORE, Defendant NCS respectfully requests that the Court deny Plaintiff's Motion for Remand.

Dated: July 6, 2021.

Respectfully submitted,

By:    */s/ Jonathan D. Nusgart*
       Jonathan D. Nusgart
       ARDC No. 6211908

SMITH & WEIK, LLC
1011 Lake Street
Oak Park, Illinois 60301
(708) 386-7206 – Telephone
jnusgart@smithweiklaw.com

ATTORNEY FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

CERTIFICATE OF SERVICE

On July 6, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Illinois, Eastern Division using the electronic case filing system of the court, thereby providing service to all parties.

| | |
|---|---|
| Bryan Paul Thompson<br>Robert W. Harrer<br>CHICAGO CONSUMER LAW CENTER, P.C.<br>33 N. Dearborn St., Suite 400<br>Chicago, Illinois 60602<br>bryan.thompson@cclc-law.com<br>rob.harrer@cclc-law.com | VIA ECF |
| Stacy M. Bardo<br>BARDO LAW, P.C.<br>22 West Washington Street, Suite 1500<br>Chicago, Illinois 60602<br>Stacy@bardolawpc.com | VIA ECF |

*Attorneys for Plaintiff*

By:    */s/ Jonathan D. Nusgart*
       JONATHAN D. NUSGART